UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BISCHOFF
and PASSPORT PIZZA

        Plaintiff,                          CASE NO. 2:09-cv-10549
-v-                                         Judge John Feikens
                                                  Magistrate Judge Steven D. Pepe

PIZZA PALAZZO,
CHRISTOPHER SWANSON,
KEN WALDORF, TRACEY (DOE)
WALSON, INC.,
10 JOHN JANE DOES,

        Defendants.
_____

Michael Bischoff
In Propria Persona and Attorney for Passport Pizza
13737 19 Mile Rd.
Sterling Hts., MI 48113
586.596.1830

| David M. Belanger (P39266) | Richard J. Carolan (P39980) |
|---|---|
| **THE LAW OFFICES OF DAVID M. BELANGER, P.C.** | **CAROLAN & CAROLAN, P.C.** |
| Attorney for Defendants | Co-counsel for Defendants |
| 200 Maple Park Blvd., Suite 205 | 200 Maple Park Blvd., Suite 205 |
| St. Clair Shores, Michigan 48081 | St. Clair Shores, MI 48081-2 |
| 586.445.9100 | 586.498.7531 |
| david@belangerlegal.com | richard.carolan@gmail.com |

_____

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
TO STRIKE COMPLAINT AS TO "PASSPORT PIZZA"
AND FOR SANCTIONS AGAINST MICHAEL BISCHOFF**

        Defendant, by and through counsel, moves this Court for summary judgment pursuant to F.R.C.P. 12(c) and 56, an order to strike the complaint as to "Passport Pizza" and stating:

        1.        Plaintiff, Michael Bischoff, has no standing to bring the instant action, as he

was not a party to any claimed franchise agreement with Defendants and possesses no copyright, trademark, patent or trade secrets claimed in the instant action.

2. "Passport Pizza" is a corporate assumed name for Passport Group LTD or Passport Enterprises Inc., lacking any capacity to bring a civil action.

3. Neither "Passport Pizza" nor Passport Group LTD nor Passport Enterprises, Inc. has standing to bring the instant action because neither "Passport Pizza" nor Passport Group LTD nor Passport Enterprises Inc. was a party to any claimed franchise agreement with Defendants.

4. Defendants considered a proposed franchise arrangement with Passport USA, Inc., an entity that did not exist until it was incorporated on March 17, 2008 and which would therefore have no standing to bring the instant action based on an agreement alleged to have been reached in July of 2007 and effective on August 1, 2007 (Plaintiffs' complaint, paragraph 3 of section entitled "FACTS", page 2).

5. If this Court were to consider the naming of "Passport Pizza" as merely a misnomer of Passport USA, Inc., Passport Group LTD or Passport Enterprises, Inc., then Defendants request that the complaint be dismissed, as no licensed attorney filed the complaint on behalf of these corporations, rendering the summons and complaint a nullity.

6. Michael Bischoff presumably is not a licensed attorney, as he did not identify himself as an attorney, is not listed in the State Bar of Michigan Directory as an attorney and has not supplied a State Bar number on the pleadings, and the filing of a complaint by him on behalf of "Passport Pizza" (or any corporation owning the assumed name) constitutes the unauthorized practice of law.

WHEREFORE, Defendants request that this honorable Court:

1. Grant them summary judgment as to all claims asserted by Plaintiff, Michael Bischoff and "Passport Pizza".

2. Dismiss the complaint filed by Michael Bischoff on behalf of "Passport Pizza" or any corporate entities the Court deems to have been mis-named.

3. Refer the matter of Michael Bischoff's unauthorized practice law to the Wayne County Prosecutor, the Michigan Supreme Court or the Circuit Court for Wayne County for prosecution of the offense or a hearing to show cause why he should not be held in contempt of court.

4. Award Defendants their costs and attorney fees for having to defend this frivolous and illegally filed action.

                Respectfully submitted,

                THE LAW OFFICES OF DAVID M. BELANGER, P.C.

                By: /s/ David M. Belanger
                DAVID M. BELANGER (P39266)
                Attorney for Plaintiff
                200 Maple Park Boulevard, Suite 205
                St. Clair Shores, Michigan 48081
                (586) 445-9100

                CAROLAN & CAROLAN, P.C.

                By: /s/ Richard J. Carolan
                RICHARD J. CAROLAN (P39980)
                Attorney for Defendants
                200 Maple Park Boulevard, Suite 205
                St. Clair Shores, MI 48081-2211
                (586) 498-7531

March 10, 2009

### CERTIFICATE OF SERVICE

Richard J. Carolan states that, on March 10, 2009, he served copies of

Defendants' motion for summary judgment, to dismiss and sanctions against Michael Bischoff and this Proof of Service upon Plaintiffs by this Court's ECF system to their respective email addresses and by U.S. Mail.

      I declare that the above statement is true to the best of my knowledge, information and belief.

      /s/ Richard J. Carolan
      RICHARD J. CAROLAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BISCHOFF
and PASSPORT PIZZA

       Plaintiff,                    CASE NO. 2:09-cv-10549
-v-                                     Judge John Feikens
                                                 Magistrate Judge Steven D. Pepe

PIZZA PALAZZO,
CHRISTOHPER SWANSON,
KEN WALDORF, TRACEY (DOE)
WALSON, INC.,
10 JOHN JANE DOES,

       Defendants.
_____

Michael Bischoff
In Propria Persona and Attorney for Passport Pizza
13737 19 Mile Rd.
Sterling Hts., MI 48113
586.596.1830

David M. Belanger (P39266)                  Richard J. Carolan  (P39980)
**THE LAW OFFICES OF DAVID M. BELANGER, P.C.**   **CAROLAN & CAROLAN, P.C.**
Attorney for Defendants                         Co-counsel for Defendants
200 Maple Park Blvd., Suite 205             200 Maple Park Blvd., Suite 205
St. Clair Shores, Michigan 48081            St. Clair Shores, MI 48081-2
586.445.9100                                               586.498.7531
_____

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
TO STRIKE COMPLAINT AS TO "PASSPORT PIZZA"
AND FOR SANCTIONS AGAINST MICHAEL BISCHOFF**

Introduction

      In this action, Plaintiffs claim pizza, ribs and sandwiches as a trade secret or otherwise their intellectual property. They also seek to enforce rights which are not theirs. No plaintiff has any standing to sue in this case. One plaintiff is not even a legal entity.

Conversely, if it is a legal entity, then the other plaintiff is illegally practicing law in representing it.

Statement of facts

Plaintiff, Michael Bischoff, alleges that he reached a franchise agreement with Defendants in July of 2007, effective on August 1, 2007 (complaint, paragraph 3 of section entitled "FACTS", page 2). However, **Passport USA, Inc.** is the only entity mentioned in the attached franchise disclosure document given to Defendants. **Exhibit A**. Furthermore, **Passport USA, Inc.** not exist until it was incorporated on March 17, 2008. **Exhibit B**. Its incorporator was Suzanne M. LaTour, and the articles of incorporation do not mention Michael Bischoff. **Ibid**.

"Passport Pizza" is nothing more than an assumed name. A company known as **Passport Enterprises, Inc.** obtained a certificate of this assumed name on December 10, 2003. **Exhibit C**. The certificate of assumed name expired on December 31, 2008. **Ibid**. "Passport Pizza" is also an assumed name for another company, **Passport Group LTD**. **Passport Group LTD** obtained a certificate of assumed name for "Passport Pizza" on March 13, 2007. **Exhibit D**. The certificate will expire on December 31, 2012. Whatever corporation holds the assumed name, the name itself is no legal entity capable of maintaining a cause of action. Furthermore, neither corporation is a plaintiff in the instant action. Neither corporation could be a plaintiff, as Defendants never entertained any franchise agreement with either corporation. **Exhibit A**.

Argument

Defendants seek summary judgment pursuant to F.R.C.P. 12(c) and 56. Summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue for trial exists only if "the evidence is such that a reasonable jury could return a verdict" for the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) In other words, issues of fact are not material and do not preclude summary judgment unless they "might affect the outcome of the suit under the governing law." *Id.* There is no genuine issue for trial if the evidence favoring the non-movant is "merely colorable" or "not significantly probative." *Id.* at 249. If the party seeking summary judgment demonstrates the absence of a genuine material fact, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial" or judgment may be granted as a matter of law. *Id.* at 248. The party opposing summary judgment must present evidence sufficient to establish the existence of any challenged element that is essential to that party's case and for which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Neither "Passport Pizza" nor Michael Bischoff has standing to bring the instant action, as neither of them was a party to any claimed franchise agreement with Defendants. "Passport Pizza" is merely an assumed name for **Passport Group LTD** or **Passport Enterprises, Inc.** As such, it lacks any capacity to sue. The only franchise disclosure document considered by Defendants refers only to **Passport USA, Inc**. **Exhibit A**. Therefore, Michael Bischoff, **Passport Group, LTD** and **Passport Enterprises, Inc.** fail to qualify as parties in interest.

Furthermore, if this Court were to consider the naming of "Passport Pizza" as merely a misnomer of Passport Group LTD or Passport Enterprises, Inc., then Defendants request that the complaint be dismissed. No licensed attorney filed the complaint on behalf of these corporations. Michael Bischoff presumably is not a licensed attorney, as he did not identify himself as an attorney, is not listed in the State Bar of Michigan Directory as an attorney and has not supplied a State Bar number on the pleadings. Not having been filed in a legally cognizable fashion, the summons and complaint are a nullity.

MCL 600.916 provides:

> **It is unlawful for any person to practice law, or engage in the law business, or in any manner whatsoever to lead others to believe that he is authorized to practice law or to engage in the law business, or in any manner whatsoever to represent or designate himself as an attorney and counsellor, attorney at law, or lawyer, unless the person doing so is regularly licensed and authorized to practice law in this state. Any person who violates the provisions of this section is guilty of contempt of the Supreme Court and of the circuit court of the county in which the violation occurred, and upon conviction is punishable by law.**

Furthermore, MCL 600.1701 provides:

> **The Supreme Court, circuit courts, and all other courts of record, have the power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in all of the following cases:**
>
> > **(h) All persons assuming to be and acting as officers, attorneys, or counselors of any court without authority; …**

It is beyond dispute that Plaintiff, Michael Bischoff, has violated these statutes.

In a case originating in Michigan, *Ginger v. Cohn*, 426 F.2d 1385 (6th Cir. 1970) held that an officer of a corporation who is not a licensed attorney is not authorized to

make an appearance in court on behalf of the corporation. Similarly, in <u>Algonac v. US</u>, 458 F.2d 1373 (1972), the court held that an individual who was not a lawyer could not appear on behalf of his corporation, even though he was the sole shareholder and president of that corporation. 458 F.2d, at 1375.

In an unpublished opinion, <u>Burgess v. Bernhardt</u>, docket number 268569 (**Exhibit E**), the Court of Appeals stated:

> **Non lawyers have a constitutional right to protect their own suits in their own proper persons. Const 1962, Art. 1, § 13. However, plaintiff brought and attempted to prosecute this action on behalf of his mother, who was purportedly the real party in interest. 'Appellant is not, in other words, representing himself in litigation. Instead, he is representing a client, [his mother]. Thus, he is engaged in the unauthorized practice of law.** <u>Shenkman v. Bragman</u>, 261 Mich App 412, 416 (2004). See also, <u>Chisholm v. Rueckhaus</u>, 124 NM 255, 257; 948 P. 2d 707 (1997) **("The authority to represent another party as a party does not equal the authority to practice law on their behalf"). Indeed, plaintiff admitted to the trial court that he was engaged in the unauthorized practice of law. Accordingly, the trial court's decision to sanction to plaintiff for filing a frivolous lawsuit was not clear error, as plaintiff's 'legal position was devoid of arguable legal merit.'"** MCL 600.2591 (3)(iii).

In this case, Michael Bischoff has filed a complaint on behalf of a corporation.

The practice of law is not confined to appearances in the courts of this state, but includes the preparation of pleadings and other papers incident to any action in any court or judicial body. <u>Grand Rapids Bar Ass'n v. Denkema</u>, 290 Mich. 56 (1939). In <u>Bolt v. Lansing,</u> 221 Mich. App. 79 (1997), the court in note three observed:

> **The amicus brief filed by Citizens to Abolish the Rain Tax Ordinance is not in the form prescribed by MCR 7.212 (C) and is signed by a person who does not identify himself as an attorney, who is not listed in the State Bar of Michigan directory as a licensed attorney, and who has supplied no State Bar number. Because this brief is filed**

> **on behalf of an organization and not on behalf of the individual signing the brief, preparation of the brief by one who is not a licensed attorney constitutes the unauthorized practice of law and is in contempt of this court.** MCL 600.916; <u>Bay County Bar Ass'n v. Finance Systems, Inc.</u>, 354 Mich. 434 (1956). **In lieu of issuing an order to this individual to show cause why he should not be held in contempt of this court, this court instead has decided to order that the brief be stricken."**

Clearly, the preparation and filing of a complaint in this case constitutes the preparation of a pleading incident to an action and the unauthorized practice of law by Mr. Bischoff. Mr. Bischoff's conduct demands sanction. It appears he is attempting to extort a quick settlement from Defendants, hoping they will be unwilling or unable to afford attorney fees. A telephone call received by Defendant, Ken Waldorf, on Friday, March 6, indicates as much. The caller, identifying himself as Mr. Bischoff's attorney, suggested to Mr. Waldorf that he consider payment of an early settlement, in an effort to avoid attorney fees. When Mr. Waldorf asked for his contact information so that his counsel could contact the attorney, the conversation abruptly ended. It is believed the caller was not at attorney, but, in fact, Mr. Bischoff. Defendant will supplement its motion with an affidavit in support of these allegations. Accordingly, he should be held in contempt of the Supreme Court of the State of Michigan or the circuit court of Wayne County or prosecuted for the unauthorized practice of law, and, as was done in <u>Bolt,</u> *supra*, the complaint should be stricken.

WHEREFORE, Defendants request that this honorable Court:

1. Grant them summary judgment as to all claims asserted by Plaintiff, Michael Bischoff and "Passport Pizza".

2. Dismiss the complaint filed by Michael Bischoff on behalf of "Passport Pizza"

or any corporate entities the Court deems to have been mis-named.

3. Refer the matter of Michael Bischoff's unauthorized practice law to the Wayne County Prosecutor, the Michigan Supreme Court or the Circuit Court for Wayne County for prosecution of the offense or a hearing to show cause why he should not be held in contempt.

4. Award Defendants their costs and attorney fees for having to defend this frivolous and illegally filed action.

 Respectfully submitted,

 THE LAW OFFICES OF DAVID M. BELANGER, P.C.

 By: /s/ David M. Belanger
 DAVID M. BELANGER (P39266)
 Attorney for Plaintiff
 200 Maple Park Boulevard, Suite 205
 St. Clair Shores, Michigan 48081
 (586) 445-9100

 CAROLAN & CAROLAN, P.C.

 By: /s/ Richard J. Carolan
 RICHARD J. CAROLAN (P39980)
 Attorney for Defendants
 200 Maple Park Boulevard, Suite 205
 St. Clair Shores, MI 48081-2211
 (586) 498-7531

March 10, 2009

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on March 10, 2009, a copy of Defendants' motion for summary judgment, to dismiss and sanctions against Michael Bischoff was served upon all plaintiffs via this Court's ECF system to their respective email addresses and U.S. Mail.

 /s/ Richard J. Carolan
 RICHARD J. CAROLAN